UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GLENN JOHNSON,<br><br>*Plaintiff*,<br><br>-against-<br><br>CITY OF NEW YORK, and<br>CORRECTION OFFICER ADELSON #4915,<br><br>*Defendants*. | : | 22-CV-00956 (ALC)<br><br>**ORDER** |

**ANDREW L. CARTER, United States District Judge:**

Pending before the Court is Defendants' motion for summary judgment (the "Motion"). ECF No. 80. Plaintiff brings multiple claims under 42 U.S.C. § 1983. In connection with another case, after initiating this lawsuit, Plaintiff signed a General Release with the City of New York, releasing all civil rights claims against the City and its employees. *Johnson v. City of New York*, 19-cv-9664 (S.D.N.Y.). This General Release (hereinafter, the "2021 General Release") released the City and its employees from "any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release." ECF No. 21-1, at 3. Therefore, Plaintiff agreed in 2021 to release Defendnats from any liability related to the case before this court, which predates the effective date of the 2021 General Release.

Accordingly, Defendants' Motion must be granted, and this case is dismissed. Because the Court agrees with Defendants on this argument, the Court need not consider Defendants' remaining arguments.

## BACKGROUND

The following summary consists of only undisputed material facts unless otherwise indicated. These facts are taken, in large part, from Defendant's Rule 56.1 Statement. Dkt. No. 93. Where the facts are subject to legitimate dispute, they are construed in favor of the non-moving party. *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir.1993).

I. Factual Background

While Plaintiff was in custody at AMKC on June 3, 2021, at around 4:05pm, an inmate attacked him using pepper spray. Dkt. 83, at ¶ 3.

Plaintiff previously filed a separate action (19-CV-9664 (VSB) (SN)) against Defendants, alleging violations of his federal civil rights. ECF No. 21-3. In 2021 Plaintiff participated in settlement discussions with the Office of the Corporation Counsel regarding that action, and he was represented by settlement counsel. ECF No. 21-2. On July 7, 2021, Plaintiff signed a general release. ECF No. 21-3. Pursuant to the General Release, all claims were released against:

> the City of New York…all past and present officials, officers, employees…of the City of New York…from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release [July 7, 2021].

*Id.* At the bottom of the General Release in bold type it states that "THIS RELEASE MAY NOT BE CHANGED ORALLY. THE UNDERSIGNED HAS READ THE FOREGOING AND UNDERSTANDS IT." *Id.* As consideration, Plaintiff received $25,000 from the City in that action. *Id.*

In previous filings, Plaintiff has stated that he is a schizophrenia patient on medication, that he did not understand the general release, and that he believed the settlement agreement only encompassed the 19-CV-9664 action. ECF No. 28 at 9. Plaintiff alleges his settlement counsel

did not explain that the general release encompassed any and all civil rights claims against the City or its employees until July 7, 2021. ECF No. 40 at 2.

II. Procedural History

Plaintiff filed his Complaint on February 2, 2022. ECF No. 2. Defendants motion to dismiss the Complaint was denied on March 19, 2024. ECF No. 53. Defendants later moved for summary judgment. ECF No. 80. Plaintiff has filed three versions of his opposition to the motion. Plaintiff filed an opposition on September 23, 2025, ECF No. 77, November 17, 2025, ECF No. 88, and February 17, 2026, ECF No. 90. The Court considers all of Plaintiff's filings as his opposition. ECF Nos. 77, 88, 90. Defendants filed their reply on December 12, 2025. ECF No. 89.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). Material facts are facts that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. An issue of fact is "genuine" when a reasonable fact finder can render a verdict in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation marks omitted). "[T]he court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) (quoting *Marvel Characters v. Simon*, 310 F.3d 280, 285–86 (2d Cir. 2002)). If the moving party meets its burden, the burden shifts to the non-moving party to bring forward "specific facts showing a genuine issue for trial." *Gen. Ins. Co. of Am. v. Starr Indem. & Liab. Co.*, 2016 WL 4120635, at *4 (S.D.N.Y. July 22, 2016) (citation omitted); *see also* Fed. R. Civ. P. 56(c). The non-moving party "may not rest upon mere allegation[s] or denials of his pleadings," *Anderson*, 477 U.S. at 259. Rather, the non-moving party must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and these facts must be "admissible in evidence." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (quoting Fed. R. Civ. P. 56(e)). "The mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment," *Anderson*, 477 U.S. at 247 (emphasis in original), and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 50 (internal citations omitted).

Where, as here, a *pro se* litigant is defending against a motion for summary judgment, the court must give the plaintiff "special solicitude." *Shuanglong Shi v. Delta Realty Grp., LLC*, 2025 U.S. Dist. LEXIS 135860, at *5 (S.D.N.Y. July 16, 2025) (internal quotation marks and citation omitted). "As a result, a *pro se* party's opposition to a motion for summary judgment must be read liberally and interpreted to raise the strongest arguments that they suggest." *Id*. However, "application of this different standard does not relieve [a] plaintiff of [their] duty to meet the requirements necessary to defeat a motion for summary judgment." *Id*. (alteration original). Therefore, the "duty to liberally construe a plaintiff's opposition is not the equivalent of a duty to re-write it." *Id*.

## DISCUSSION

### I. Plaintiff's Claims Are Barred by the 2021 General Release

*a. The 2021 General Release is an Unambiguous Contract*

Mr. Johnson has brought numerous claims against claims against City and its employees. *See, e.g., Glenn Johnson v. City of New York*, 19 Civ. 9664 (S.D.N.Y.) (Johnson II). In connection with *Johnson II*, Mr. Johnson signed a General Release with the City of New York. The General Release states that Mr. Johnson:

> release[s] and discharge[s]…all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel…from any and all liability claims, or rights of action alleging a violation of [his] civil rights and any and all related state law claims, from the beginning of the world to the date of this General release including claims for costs, expenses, and attorneys' fees.

Dkt. No. 82-5, at 2.

Settlement agreements and releases are contrasts and "must therefore be construed according to the general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002). "Where the language of a release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Wang v. Paterson*, 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quoting *Shklovskiy v. Khan*, 709 N.Y.S.2d 208, 209 (2000)) (cleaned up).

The City argues that the clear and unambiguous language of the 2021 General Release in Taylor II bars Plaintiff's claims. ECF No. 84 at 13-15. The Court agrees. The 2021 General Release applies to any claim that meets the following criteria: (1) brought against the City of

New York or its employees; (2) alleging violations of Mr. Taylor's civil rights; and (3) where the alleged violation occurred before July 7, 2021, the date that the 2021 General Release was signed. Each of these criteria applies to this case.

Plaintiff argues that he did not understand the terms of the 2021 General Release. This misunderstanding does not change the meaning of the terms of the release. *See Dinkins Decoteau,* 2016 WL 3637169, at *3 (rejecting the plaintiff's argument that he did not understand the release to waive the underlying claims in that case because "the unambiguous language of the [release], rather than [plaintiff's] subjective understanding, controls"); *Johnson v. City of New York*, 2023 WL 5629232, at *5 (S.D.N.Y. 2023) (same).

Because the terms of the 2021 General Release clearly bar this action, Defendants' summary judgment motion must be granted, unless Plaintiff can otherwise invalidate the agreement.

*b. Plaintiff Signed the Release Knowingly and Voluntarily*

To determine whether the Mr. Johnson's rights were waived "knowingly and voluntarily," the Court conducts a "totality of the circumstances" test. *See Branker v. Pfizer, Inc.*, 981 F.Supp. 862, 865-66 (S.D.N.Y. 1997) (citing *Bormann v. AT & T Comms., Inc.*, 875 F.2d 399, 402 (2d Cir. 1995). The circumstances, including the factors identified in *Bormann*, support a finding that the Plaintiff knowingly and voluntarily signed the release. Mr. Taylor was represented by counsel, and his counsel made edits to the agreement before it was signed, indicating sufficient time to review the agreement before signing and an ability to play a role in deciding the terms of the agreement. Dkt. 83, at ¶¶ 11-12. The record indicates that Mr. Taylor had the ability to consult with his attorney. *See* Dkt. 82-4, at 2-3. And the consideration given exceeds benefits to which Mr. Johnson was otherwise entitled. *See Branker*, 981 F.Supp. at 866

(listing "whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law" as one of the *Bormann* factors).

"A defendant has the initial burden of establishing that a release bars the plaintiff's claims." *Liverpool v. City of N.Y.*, No. 18-CV-1354 (LJL), 2021 WL 3604855, at *3 (S.D.N.Y. Aug. 12, 2021) (quoting *Braxton/Obed-Edom v. City of N.Y.*, 2019 WL 8955261, at *3 (S.D.N.Y. Sept. 17, 2019). "The burden then shifts to the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release." *Id.* Because the language of the release is clear and unambiguous, "[o]nly duress, illegality, fraud or mutual mistake are causes sufficient to invalidate it." *Muhammad v. Schriro*, 2014 WL 4652564, at *4 (S.D.N.Y. Sept. 18, 2014).

Plaintiff contends that he was unable to knowingly and voluntarily enter into the 2021 General Release because he was taking medicine to treat schizophrenia. Dkt. 33, at 1. This argument alone does not invalidate the general release. *See Rita v. Sovereign Bank*, 976 F.Supp.2d 270, 281 (S.D.N.Y. 2013) (allegations of mental health disorder insufficient basis for invalidity argument without objective evidence that the Plaintiff lacked capacity at the time the agreement was signed).

## CONCLUSION

For the reasons outlined above, the Motion is **GRANTED**. Because Plaintiff would not be able to cure the defects outlined above, the court will not grant him leave to amend. Accordingly, this case is **DISMISSED** with prejudice. The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. No. 80 and close this case.

**SO ORDERED.**

**Dated:** **July 14, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**